RECEIVED

MAY 1 6 2007

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
For The
DISTRICT OF RHODE ISLAND

CA 07 178

| | |
|---|---|
| NICHOLAS MELLO,<br>Plaintiff<br><br>v.<br><br>CPR FISHING, INC.; and<br>DAVE HANDRIGAN SEAFOODS, INC.,<br>Defendants | C.A. No. 07-<br><br>**Plaintiff hereby demands a trial by jury on all applicable counts.** |

# COMPLAINT

## Parties and Jurisdiction

1. Plaintiff, Nicholas Mello (hereinafter "Plaintiff" or "Plaintiff Mello") is and was at all times relevant hereto a resident and domiciliary of the Town of Charlestown, State of Rhode Island.

2. Defendant, CPR Fishing, Inc. (hereinafter "Defendant CPR Fishing") is and was at all times relevant hereto a domestic, for profit corporation organized under the laws of the State of Rhode Island, with a principal place of business in Wakefield, Rhode Island. At all times relevant hereto, Defendant CPR Fishing was the owner of and doing business as the F/V ALEXIS MARTINA, otherwise known as an 81.3 foot steel hull fishing vessel (USCG NO. 638032).

3. Defendant, Dave Handrigan Seafoods, Inc. (hereinafter "Defendant Handrigan") is and was at all times relevant hereto a domestic, for profit corporation organized under the laws of the State of Rhode Island, with a principal place of business in Narragansett, Rhode Island.

4. This Honorable Court has jurisdiction over this admiralty and maritime claim pursuant to 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

5. Considerations of judicial economy, convenience and fairness to the litigants warrant this Honorable Court's exercise of its supplemental jurisdiction with respect to Plaintiff Mello's state law claims against Defendant Handrigan. Plaintiff's state law claims are so related to Plaintiff Mello's federal claims that they form part of the same case or controversy.

**Count I – Unseaworthiness of ALEXIS MARTINA**

6. Plaintiff Mello hereby re-alleges paragraphs one (1) through five (5) as if fully set forth herein.

7. On or about November 5, 2004, Plaintiff Mello was an employee of Defendant CPR Fishing and a seaman aiding in the operation of the F/V ALEXIS MARTINA on the coastal waters of Rhode Island and was more specifically in the vicinity of the dock located near Handrigan Seafood in Narragansett, Rhode Island.

8. On or about November 5, 2004, Plaintiff Mello was injured due to the unseaworthiness of the F/V ALEXIS MARTINA in that the only means of egress from the vessel available to Plaintiff was not reasonably fit for its intended purpose and it failed to have equipment that was reasonably fit for its intended purpose or other.

9. On or about November 5, 2004, Plaintiff Mello was injured due to the unseaworthiness of the F/V ALEXIS MARTINA.

WHEREFORE, Plaintiff Mello hereby demands judgment against Defendant CPR Fishing, Inc. for compensatory damages, plus interest, costs and attorneys' fees.

**<u>Count II – Negligence of CPR Fishing and/or F/V ALEXIS MARTINA</u>**

10. Plaintiff Mello hereby re-alleges paragraphs one (1) through five (5) as if fully set forth herein.

11. On or about November 5, 2004, Plaintiff Mello was a seaman aiding in the operation of the F/V ALEXIS MARTINA on the coastal waters of Rhode Island and was more specifically in the vicinity of the dock located near Handrigan Seafood in Narragansett, Rhode Island.

12. On or about November 5, 2004, Plaintiff Mello was in the exercise of due and reasonable care for his own safety and well-being at all times.

13. On or about November 5, 2004, Defendant CPR Fishing and/or the F/V ALEXIS MARTINA, by and through its agents, servants and/or employees, owed a duty to Plaintiff Mello to act in a reasonable and safe manner in operating the vessel while Plaintiff Mello was attempting to disembark the vessel.

14. On or about November 5, 2004, Defendant CPR Fishing and/or the F/V ALEXIS MARTINA, by and through its agents, servants and/or employees, was negligent in that the vessel was operated in an unsafe manner while Plaintiff Mello was attempting to disembark the vessel.

15. As a direct and proximate result of the negligence of Defendant CPR Fishing and/or the F/V ALEXIS MARTINA, by and through its agents, servants and/or employees, Plaintiff Mello was caused to trip and fall, was severely and permanently injured, suffered and will in the future suffer great pain of body, mind, nerves and nervous system, was rendered disabled, has suffered and will in the future suffer a loss of earning capacity, has and will in the future suffer a loss of enjoyment of life, has and will in the future be required to undergo additional medical treatment, has and will in the future be unable to perform his usual daily activities, has and will in the future be liable to pay large sums of money for his medical and hospital treatment, has incurred economic damages and is otherwise injured.

WHEREFORE, Plaintiff Mello hereby demands judgment against Defendant CPR Fishing for compensatory damages, plus interest, costs and attorneys' fees.

**Count III – Negligence of Defendant Handrigan**

16. On or about November 5, 2004, Defendant Handrigan was doing business as a wholesale and retail seafood company and was in control of and responsible for

the proper maintenance and operation of a dock located at or near its business in Narragansett, Rhode Island.

17. As such, Defendant Handrigan had a duty by and through its agents, servants and/or employees, to act with reasonable and due care in maintaining and operating the dock for the safety and well-being of those individuals using the dock, including Plaintiff Mello.

18. On or about November 5, 2004 and while Plaintiff Mello was exiting the F/V ALEXIS MARTINA, Defendant Handrigan, by and through its agents, servants and/or employees, negligently maintained and operated the subject dock.

19. As a direct and proximate result of the negligence of Defendant Handrigan, by and through its agents, servants and/or employees, Plaintiff Mello was caused to trip and fall, was severely and permanently injured, suffered and will in the future suffer great pain of body, mind, nerves and nervous system, was rendered disabled, has suffered and will in the future suffer a loss of earning capacity, has and will in the future suffer a loss of enjoyment of life, has and will in the future be required to undergo additional medical treatment, has and will in the future be unable to perform his usual daily activities, has and will in the future be liable to pay large sums of money for his medical and hospital treatment, has incurred economic damages and is otherwise injured.

WHEREFORE, Plaintiff Mello hereby demands judgment against Defendant Handrigan for compensatory damages, plus interest, costs and attorneys' fees.

**CLAIM FOR JURY TRIAL**

Plaintiff Mello hereby requests a trial by jury on all applicable counts.

Plaintiff,
Nicholas Mello
By his attorney,

Scott P. Tierney

Scott P. Tierney RI Bar #4624
Thomas J. Hunt & Associates
18 North Water Street
New Bedford, MA 02740
(508) 994-7300
(508) 984-0755 (facsimile)

Dated: 5/14/07