MKD:F:data\pleading\69411schedconfstmt.wpd

UNITED STATES DISTRICT COURT
For The
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICHOLAS MELLO, Plaintiff | ) | |
| v. | ) | C.A. No. 07-178S |
| CPR FISHING, INC.; and DAVE HANDRIGAN SEAFOODS, INC., Defendants | ) | |

**JOINT PRETRIAL CONFERENCE STATEMENT**

Now come the parties to this case, by and through their attorneys, and hereby present this Honorable Court with the within Pretrial Conference Statement in anticipation of a conference presently scheduled for August 1, 2007.

## I. BRIEF STATEMENTS OF THE PARTIES' POSITIONS

### A. Plaintiff

This action was brought by Nicholas Mello to recover for serious personal injuries and consequential damages he sustained when he was injured during his attempt to disembark the fishing vessel ALEXIS MARTINA at a dock in Narragansett, Rhode Island on November 5, 2004.

At the time of the incident, Nicholas Mello was a crewman on the F/V ALEXIS MARTINA. This vessel was owned and operated at the time of the incident by defendant, CPR Fishing, Inc. (hereinafter "CPR"). The dock onto which Mr. Mello was attempting to locate himself was owned and controlled by Dave Handrigan Seafoods, Inc. (hereinafter "Handrigan")

On November 5, 2004, the F/V ALEXIS MARTINA, along with Mr. Mello, pulled up to Handrigan's dock in order to load the boat with ice for an upcoming fishing trip. The vessel pulled up to the dock with its port side closest to the dock. When the vessel arrived, defendant Handrigan did not have any personnel at the dock to meet the arriving vessel and assist with catching the lines and securing the vessel to the dock.

As a result, Mr. Mello was forced to step from the vessel to the dock in order to secure the vessel's lines. Unbeknownst to Mr. Mello, a hose used to pump ice into the fishing vessels had been left alongside a portion of the dock that was closest to the side of the vessel that he was exiting. As Mr. Mello attempted to step from the vessel to the dock, his right foot landed on the hose which was concealed from view by the edge of the dock, causing him to trip, fall and sustain serious personal injuries. As a result, Mr. Mello incurred significant bills for medical treatment, lost substantial wages and has suffered an on-going physical impairment.

**B. CPR Fishing Inc.**

It is CPR Fishing's position that the plaintiff's injuries bear no relation to any unseaworthy condition on the F/V Alexis Martina, nor to any negligent act on the part of CPR Fishing, its crew, agents, or employees. If any party, other than the plaintiff himself, is responsible for the injury, defendant contends that it is co-defendant, Handrigan Seafoods, for maintaining a defective condition on its dock. Defendants have filed cross-claims against each other for contribution and indemnity.

## II. PRETRIAL CONFERENCE CRITERIA

### 1. Exchange of Relevant Information

Mr. Mello anticipates completing his automatic disclosure under Rule 26 prior to the Pretrial Conference. The Plaintiff has received and will respond in the near future to

Interrogatories and Requests for Production of Documents from defendant CPR as well as Interrogatories from defendant Handrigan.

**2. Disputed Facts**

The defendants presently dispute many of the critical facts of this incident. This position is unlikely to change until such time as the deposition of Mr. Mello has been completed and the defendants are given sufficient time to evaluate the evidence.

**3. Legal Issues**

As to defendant CPR, the Plaintiff asserts his claim under General Maritime Law.

As to Handrigan, the parties anticipate that this case will involve general negligence law and will not involve any novel issues of law.

**4. Plan for Discovery**

As stated above, the Plaintiff anticipates completing his automatic disclosure under Rule 26 prior to the Pretrial Conference and will respond to Interrogatories and Requests for Production of Documents from defendant CPR as well as Interrogatories from defendant Handrigan.

The parties propose the following discovery deadlines:

1. Plaintiff's expert disclosure by January 15, 2008;
2. Defendants' expert disclosure by February 29, 2008;
3. All discovery completed by April 1, 2008;
4. All dispositive motions filed by May 1, 2008;
5. Pretrial memoranda to be filed within thirty (30) days of the Court's decision(s) on the dispositive motion(s), if any, or June 1, 2008, whichever is earlier.

**5. Possibility of Settlement**

The Plaintiff is amenable to a negotiated resolution to this case before substantial expenditures of time and money are made by the parties and to preserve judicial resources. The Plaintiff has engaged in settlement discussions with counsel for each of the parties. To date, those discussions have not resulted in a resolution.

**6. ADR**

The Plaintiff believes that this case is appropriate for ADR and would willingly participate in such a process.

Respectfully submitted by:

Plaintiff,
Nicholas Mello
By his Attorney,

/s/ Scott P. Tierney
Scott P. Tierney, Esq. #4624
Thomas J. Hunt & Associates
18 North Water Street
New Bedford, MA 02740
(508) 994-7300
(508) 984-0755 (facsimile)

Defendant,
CPR Fishing, Inc.
By its Attorney,

/s/ Martin K. DeMagistris
Martin K. DeMagistris, Esquire #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
(401) 737-3700
(401) 737-5499 (facsimile)

Defendant,
Dave Handrigan Seafoods, Inc.
By its Attorney,

/s/ James H. Reilly
James H. Reilly, Esquire #0658
146 Westminster Street, Suite 500
Providence, RI 02903
(401) 272-1312
(401) 331-9397 (facsimile)